IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN R. BEEGLE,

    Plaintiff,

v.                                            Civil Action No. 5:09CV59
                                                         (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Procedural History</u>

The plaintiff, Stephen R. Beegle, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI"). In the application, the plaintiff alleges disability since August 15, 2005 because of drug and alcohol addiction, depression, paranoia, chronic bronchitis, left knee injury, learning disability, and GERD.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on February 15, 2008, before Administrative Law Judge ("ALJ") Randall W. Moon. The plaintiff, represented by counsel, testified on his own behalf, as did a vocational expert. On May 13, 2008, the ALJ issued a decision finding that the plaintiff would not be disabled without

the drug or alcohol addiction.  The Appeals Council denied the plaintiff's request for review.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions for summary judgment.  On November 13, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court.  Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report.  The plaintiff did not file objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979).  Here, no party filed objections.

2

Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. Discussion

In his motion for summary judgment, the plaintiff contends that while the ALJ correctly determined that the plaintiff was "under a disability," he incorrectly found that the "a substance use disorder is a contributing factor material in the determination of a disability." Specifically, the plaintiff does not dispute that he has a history with drugs and alcohol. However, he argues that he maintained a period of complete sobriety from September 2006 to December 2007 and that he was still disabled despite maintaining sobriety. Therefore, the plaintiff contends that this Court cannot find that substance abuse is material to him having a disability.

The Commissioner contends that substantial evidence in the record supports the ALJ's finding that drug and alcohol abuse is a contributing factor material to the determination that the plaintiff is disabled. The defendant points to several documented episodes of drinking during the period that the plaintiff claims to have been sober. The ALJ referenced these episodes in concluding that substance abuse is a material contributing factor to the disability.

Magistrate Judge Seibert issued a report and recommendation, in which he held that substantial evidence exists to support the ALJ's conclusions. The magistrate judge reviewed the ALJ's lengthy

discussion examining the objective medical evidence.  The magistrate judge found that the plaintiff was correct to use September 2006 through December 2007 as the entitlement period, but also found that the plaintiff did not maintain a period of complete sobriety during that time period.  Magistrate Judge Seibert correctly points out that the plaintiff has only explained one episode of use during those months.  The plaintiff offers no further evidence to suggest that the ALJ erred in his decision.  Therefore, the magistrate judge found that the plaintiff failed to meet the burden of proving that the substance abuse is not material to the disability.  The plaintiff did not file objections to the magistrate judge's report and recommendation.

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the

report and recommendation, concurs with the magistrate judge that the Commissioner's decision that the that the plaintiff would not be disabled without the drug or alcohol addiction is supported by substantial evidence.  Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge.  The defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    December 21, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE